1  Diana Tabacopoulos (SBN 128238)
      *dtabacopoulos@seyfarth.com*
2  David D. Jacobson (SBN 143369)
      *djacobson@seyfarth.com*
3  **SEYFARTH SHAW LLP**
   2029 Century Park East, Suite 3300
4  Los Angeles, CA 90067-3063
   Telephone:  (310) 277-7200
5  Facsimile:   (310) 201-5219

6  Attorneys for Defendant
   WALGREEN CO.

7

8  George R. Kingsley (SBN 38022
      *gkingsley@kingsleykingsley.com*
   Eric B. Kingsley (SBN 185123)
9     *eric@kingsleykingsley.com*
   Kevin M. Zietz (SBN 186244)
10    *kzietz@kingsleykingsley.com*
   **KINGSLEY & KINGSLEY**
11 16133 Ventura Blvd., Suite 1200
   Encino, CA 91436
12 Telephone:  (818) 990-8300
   Facsimile:   (818) 990-2903

13

14 David K. Cohn (SBN 68768)
      *dcohn@chainyounger.com*
   **CHAIN YOUNGER COHN STILES**
15 1430 Truxton Avenue
   Bakersfield, CA 93303
16 Telephone:  (661) 323-4000
   Facsimile:   (661) 324-1352

17

18 Attorneys for Plaintiff
   BRITTANY R. LEONARDI

**NOTE CHANGES MADE BY THE COURT**

**All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"**

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21                    WESTERN DIVISION

22 BRITTANY R. LEONARDI, on behalf )   Case No. CV08-05204 CAS (SSx)
   of herself and others similarly situated, )
23                                         )   [HONORABLE CHRISTINA A. SNYDER
                   Plaintiffs,             )   COURTROOM 5]
24                                         )
            v.                             )   **STIPULATION AND
25                                         )   [PROPOSED] PROTECTIVE
   WALGREEN CO.; and DOES 1 to 50,         )   ORDER REGARDING
26 Inclusive,                              )   PRODUCTION OF
                                           )   CONFIDENTIAL
27              Defendants.                )   INFORMATION**
                                           )
28

---

WHEREAS, Plaintiff Brittany Leonardi ("Plaintiff") seeks or will seek access to confidential information and documents from Defendant Walgreen Co. ("Walgreens") relating to sensitive and private information concerning Walgreens' employees, and other confidential documents or information related to Walgreens' internal policies and procedures;

WHEREAS, the parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Central District Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied if a party seeks permission from the court to file material under seal.

WHEREFORE, in light of the substantial volume of materials and information at issue and that many of these materials and information are of the type deserving of protection, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, Plaintiff and Walgreens, by and through their respective counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that a protective order be entered according to the following terms and provisions:

1.      The parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary and/or otherwise confidential in nature.

2.      The parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for

2

1  admission; and other written, recorded, or graphic information and materials
2  produced by a party or non-party in the course of this action as "Confidential"
3  (hereafter referred to as "Confidential Information"). "Confidential Information"
4  is information that has not been made public and that refers to, describes, or
5  consists of the disclosure of confidential, proprietary, or otherwise non-public
6  business, technical, or financial information, employee personnel and earnings
7  information, or information protected by third-party privacy rights. Confidential
8  Information includes not only the information contained in documents and other
9  materials designated as such pursuant to this Order, but also to any summaries,
10 copies, abstracts, compilations, or other documents or material derived from
11 Confidential Information. The parties acknowledge that the only information to be
12 designated as Confidential Information is that which is properly subject to
13 protection. The parties will not designate as "Confidential" any discovery material
14 without first making a good faith determination that such protection is warranted.

15      3.      The party or third party asserting the Confidential designation as to
16 any Discovery Material shall have the burden of justifying that designation
17 consistent with applicable law. Until the Court rules otherwise, the challenged
18 Discovery Material shall be treated as Confidential.

19      4.      In the case of documents and other materials produced by a party, the
20 "Confidential" designation shall be made at the time of production. A producing
21 party may designate as "Confidential," in whole or in part, any documents or other
22 materials by so advising all other parties and by marking any copies of the
23 documents or other materials, in a manner not affecting legibility, with the word
24 "Confidential." Any party may obtain confidential treatment for documents or
25 other materials previously produced by any party or non-party without such
26 designation if the party seeking the designation sends written notice of such
27 designation to all other parties or non-parties in the possession of such documents
28 or other materials and within thirty (30) days of their production marks the subject

3

1  documents or other materials with the word "Confidential" and reproduces them.
2  All documents and other materials produced by a non-party and not designated as
3  "Confidential" by a party at the time of their production shall nonetheless be
4  treated as Confidential Information for thirty (30) days following such production.

5      5.     With respect to testimony elicited during depositions, whenever
6  counsel for a party deems that any question or line of questioning calls for the
7  disclosure of information that should be treated as Confidential Information,
8  counsel may: (i) designate on the record prior to such disclosure that such
9  information is being designated as "Confidential" or (ii) give written notice to all
10  other counsel that such information is being designated as "Confidential" within
11  twenty-one (21) days after receiving a copy of the deposition transcript.

12      6.     Confidential Information will be held by the receiving party
13  exclusively for use in connection with the above-captioned action and any appeals
14  thereof.  A party shall not disseminate any Confidential Information produced by
15  the other party or by a non-party except as necessary for use in this litigation, and
16  subject to the further restrictions set forth in paragraph 7, below.  The parties shall
17  take reasonable and prudent measures to safeguard the confidentiality of all
18  Confidential Information.

19      7.     Confidential Information shall not be used or disclosed directly or
20  indirectly by the party receiving such Confidential Information to persons other
21  than:

22          (a)    The Court, persons employed by the Court, the stenographer
23  transcribing the testimony or argument at a hearing, trial, or deposition in this
24  action, and any special master or mediator appointed by the court or agreed-to by
25  the parties;

26          (b)    Counsel of record for any party to this action, as well as regular
27  employees of such counsel, and outside copy services, used to assist in the defense
28  or prosecution of this litigation;

4

1        (c)    Experts and consultants retained by any party or counsel of

2  record for any party to assist in the defense or prosecution of this litigation;

3        (d)    Any individual party, except that neither the named Plaintiff

4  nor any subsequent named Plaintiff shall have the right to review any other

5  employee's confidential employment data, which shall be designated for

6  "Attorney's Eyes Only"; and

7        (e)    Any employee, former employee, agent or independent

8  contractor of any party who is requested by counsel to assist in the defense or

9  prosecution of this litigation, provided, however, that disclosure of the Confidential

10  Information to said individual is made only to the extent necessary for the

11  employee, former employee, agent or independent contractor to perform such

12  assistance.

13        (f)    Any person agreed upon by the parties to serve as a mediator in

14  this litigation.

15       8.    Any party that seeks to make disclosure of Confidential Information

16  permitted under this Order to a person listed in subparagraphs 7(c) or 7(e) above

17  shall, prior to such disclosure, advise the recipient of such information of the

18  contents of this Order and require each such person to whom such disclosure is

19  made to execute an undertaking in the form attached hereto as Exhibit A. All such

20  undertakings shall be retained by counsel for the party who discloses Confidential

21  Information in this way.

22       9.    Any party may object to the designation of particular documents or

23  other materials as "Confidential" by giving written notice to the party making the

24  designation and to all other parties within fourteen (14) days of such designation.

25  Such notice shall identify with reasonable specificity the documents or other

26  materials to which the objection is directed and the basis for the objection. The

27  parties shall attempt to resolve any such dispute by meeting and conferring. In the

28  event the dispute cannot be resolved within fourteen (14) days of the giving of

*[handwritten margin note: Dispute must be resolved pursuant to L.R. 37 (SAS)]*

1    such written notice, it shall be the obligation of the party designating the

2    documents as "confidential" to file an appropriate motion requesting a ruling by

3    the Court that the disputed documents or other materials   be designated

4    "Confidential."   The disputed documents or other materials shall be treated as

5    "Confidential" pending a ruling from the Court.

6        10.   In the event that any Confidential Information is used in any Court

7    proceeding in this action, it shall not lose its confidential status through such use.

8        11.   Nothing herein shall be construed to affect in any way the

9    admissibility of any document, testimony, or other evidence at trial.

10       12.   The parties acknowledge that this Stipulated Protective Order creates

11    no entitlement to file confidential information under seal; Central District Local

12    Rule 79-5 sets forth the procedures that must be followed and reflects the standards

13    that will be applied when a party seeks permission from the court to file material

14    under seal.

15       13.   Any party may consent to have any documents or other materials it

16    previously designated as "Confidential" removed from the scope of this Order by

17    so notifying counsel for the other parties in writing or by so stating on the record at

18    any hearing or deposition.  Nothing contained in this Order shall prevent any party

19    from disclosing its own Confidential Information as it deems appropriate.

20       14.   The provisions of this Order shall not terminate at the conclusion of

21    this action.  Within 120 days of final conclusion of all aspects of this litigation,

22    including any and all appeals, documents and other materials stamped or otherwise

23    identified as "Confidential" and all copies of same (other than exhibits of record)

24    shall be returned to the party that produced such documents or, at the option of the

25    producing party, destroyed.  All counsel of record shall execute a certification of

26    compliance herewith and shall deliver the same to counsel for the party that

27    produced the documents not more than 120 days after final termination of this

28    litigation.

6

15.   The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work product materials.

16.   If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed.  Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information.   The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

17.   This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice.

DATED:  2|15|09

KINGSLEY & KINGSLEY, APC
and
CHAIN YOUNGER COHN STILES

By _____
Eric B. Kingsley
Kevin M. Zietz
Attorneys for Plaintiff
BRITTANY R. LEONARDI, on behalf
of herself and others similarly situated

7

1  DATED: 2-17-09                    SEYFARTH SHAW LLP

2

3                                    By
                                        Diana Tabacopoulos
4                                       David D. Jacobson
                                        Attorneys for Defendant
5                                    WALGREEN CO.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
LA1 6770152.1

## EXHIBIT A

## CONSENT TO BE BOUND

I, _____, declare:

1.    My address is _____

_____. My present occupation is _____

_____.

2.    I have received a copy of the Stipulation and Protective Order Re: Production of Confidential Information (the "Protective Order") in this action entitled *Brittany Leonardi vs. Walgreen Co.* I have carefully read the provisions of the Protective Order, and I understand those provisions.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.

4.    I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California, Western Division, for the limited purpose of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2009.


_____
                                                          Signature

9